**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ISAAC A. ISAIAH, | DOCKET NUMBER |
| Appellant, | DE-0752-15-0514-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: May 17, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Hart Nelson, Esquire, Charlottesville, Virginia, for the appellant.

Dennis A. Murphy, Aberdeen, South Dakota, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    The appellant held the position of Medical Officer (General Surgery) for the agency's Rosebud Service Unit in Rosebud, South Dakota.  Initial Appeal File (IAF), Tab 12 at 6, 8.  He retired from the agency, effective August 31, 2013.  *Id*. at 6; IAF, Tab 19 at 32.  Thereafter, the appellant filed an equal employment opportunity complaint alleging, inter alia, that he was subjected to discrimination and retaliation, and suffered a constructive discharge.  *E.g*., IAF, Tab 16 at 37-41. On July 17, 2015, the agency issued a final agency decision (FAD), finding no merit to the appellant's claims.  IAF, Tab 2 at 5-36.

¶3    Days after the agency issued the FAD, the appellant filed the instant appeal, alleging that his retirement was involuntary.  IAF, Tab 1 at 4, Tab 13 at 2. Because the appellant withdrew his hearing request, the administrative judge issued a decision on the written record.  IAF, Tab 13 at 1, Tab 25, Initial Decision (ID).  The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to prove that his retirement was involuntary.  ID at 2.  The appellant has filed an untimely petition for review.  PFR File, Tab 1. The agency has not filed a response.

**ANALYSIS**

¶4    The Board's regulations require that a petition for review be filed within 35 days after the date of the issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision.  *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e).  As registered e-filers, the appellant and his representative are deemed to have received the initial decision on the date of electronic submission, October 23, 2015.  IAF, Tab 1 at 2, Tab 26; *see* 5 C.F.R. § 1201.14(m)(2).  Therefore, as noted in the initial decision, the petition for review was due 35 days later, on November 27, 2015,

but the appellant filed his petition 6 days late, on December 3, 2015. *Compare* ID at 1, 13, *with* PFR File, Tab 1.

¶5        The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Id.*

¶6        The appellant's representative alleges that he experienced technical difficulties with the Board's e-Appeal system and requests that the Board waive the untimeliness of the petition for review.[2] PFR File, Tab 4 at 3. Under limited circumstances, the Board will excuse delays in filing caused by difficulties encountered with the e-Appeal system. *Palermo*, 120 M.S.P.R. 694, ¶ 5. However, we find that the appellant's failure to timely file his petition is not excusable under the particular circumstances in this case.

¶7        The appellant's representative alleges that he logged into the Board's e-Appeal system on November 27, 2015, followed all the instructions, and received data suggesting that his petition for review filing was complete. PFR

----

[2] The appellant does not allege that he was unable to access the Board's e-Appeal system. Moreover, the Board's records indicate that e-Appeal was working properly on the date in question; there were no system-wide issues or outages that could have contributed to the appellant's untimely filing.

File, Tab 4 at 3. According to the appellant's representative, he and the appellant subsequently received notifications that the filing had been started but not completed, prompting the appellant to seek technical support and prompting the untimely filing on December 3, 2015. *Id.* However, he failed to submit a sworn statement or any evidence to corroborate the claims. *See* 5 C.F.R. § 1201.114(g) (indicating that a motion to waive the filing deadline should be accompanied by an affidavit or a sworn statement that includes, inter alia, a specific and detailed description of the circumstances causing the late filing, along with supporting documentation or other evidence). The only evidence provided suggests that the appellant expected his representative to file a timely petition, but was surprised to find otherwise.[3] PFR File, Tab 1 at 2-5.

¶8        Although the appellant's representative alleges that he attempted to file the petition for review on November 27, 2015, the Board's e-Appeal logs instead reflect his having begun the process for filing new appeals on November 27 and December 1, 2015, without completing either. Because the process for filing a new appeal does not require entry of a docket number, we are unable to determine whether these actions were intended to correspond with the instant appeal. Nevertheless, even if they were, the e-Appeal system generates an email reminder on each of the 3 days after an appeal is started, warning that the process is not yet completed. *See Palermo*, 120 M.S.P.R. 694, ¶ 7. While the appellant's representative seems to concede that he received these email warnings, he has failed to explain why it took a total of 6 days to take corrective action. PFR File, Tab 4 at 3. He suggests that unfamiliarity with the Board's e-Appeal system may

---

[3] The administrative judge provided mixed-case appeal rights and appeal rights under the Whistleblower Protection Enhancement Act despite the fact that he dismissed the appeal for lack of jurisdiction. We have provided the appellant with notice of his proper appeal rights to the U.S. Court of Appeals for the Federal Circuit. *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111 (Fed. Cir. 2013).

have contributed to his untimeliness, but we are not persuaded, given the numerous pleadings he filed through e-Appeal below, and the email warnings generated after starting, but failing to complete, an initial appeal or pleading in an existing appeal. IAF, Tabs 6, 9, 24.

¶9 Based upon the above, we find that the appellant has failed to establish good cause for his untimely petition for review. The petition was 6 days late, the appellant was not proceeding pro se, and he has failed to show any circumstances beyond his control such as unavoidable casualty or misfortune that affected his ability to comply with the time limits. *See Palermo*, 120 M.S.P.R. 694, ¶¶ 5-10 (dismissing a petition for review as untimely where the appellant's representative saved a draft petition in e-Appeal before it was due, but failed to submit it until it was 7 days late; e-Appeal had generated email warnings that the pleading was not complete and the representative had used e-Appeal to successfully file several pleadings in the underlying action, reflecting familiarity with the system); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (recognizing that an appellant is responsible for the errors of his chosen representative).

¶10 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's alleged involuntary resignation.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS[4]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

---

[4] Although the administrative judge's notice below provided mixed-case appeal rights despite the fact that he dismissed the appeal for lack of jurisdiction, this does not constitute reversible error because we have provided the appellant with notice of his appeal rights to the U.S. Court of Appeals for the Federal Circuit.  *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111 (Fed. Cir. 2013).

at   http://www.mspb.gov/probono   for   information   regarding   pro   bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.